UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 395 LAMPE, LLC, | |
|     Plaintiff, | 3:12-cv-0358-LRH-WGC (base) |
| | 3:12-cv-0385-LRH-VPC (member) |
| v. | |
| DESERT RANCH, LLLP; et al., | ORDER |
|     Defendants. | |

Before the court is defendants Desert Ranch, LLLP ("Desert Ranch") and Timothy L. Blixseth's ("Blixseth") (collectively "defendants") motion to stay this action, 3:12-cv-0358, pending resolution of a similar action filed in the State of Washington. Doc. #10.[1] Plaintiff 395 Lampe, LLC ("Lampe") filed an opposition (Doc. #26) to which defendants replied (Doc. #29).

Also before the court is defendants' motion to extend time to file a counterclaim. Doc. #20. Lampe filed an opposition (Doc. #23) to which defendants replied (Doc. #24).

**I.     Facts and Procedural History**

This dispute arises from a complicated series of business transactions between defendants and Lampe. In April 2008, defendant Blixseth, a Washington citizen, executed a promissory note for ten million dollars ($10,000,000.00) in favor of Lampe. Blixseth then defaulted on the promissory note.

---

[1] Refers to the court's docket entry number.

After default, Lampe, Blixseth and non-party Overlook Partners, LLC ("Overlook Partners") entered into an agreement on May 5, 2008 ("the Note Agreement"). As part of the Note Agreement, Blixseth assigned a promissory note from Overlook Partners to Lampe and signed a continuing guaranty on that promissory note.

Ultimately, Lampe did not receive the funds owed and filed the underlying action for breach of contract in Nevada state court. Defendant Blixseth removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.

During this same time period, Lampe filed a similar action against Blixseth that was also removed to federal court, case no. 3:12-cv-0385.[2] On December 12, 2012, these actions were consolidated with this action, 3:12-cv-0358, as the base case and the second action, 3:12-cv-0385, as the member case. Doc. #39.

At the center of both of these actions is the value of certain membership shares of non-party Western Pacific Timber, LLC ("WPT"), an Oregon entity. To secure the various obligations with Lampe, Blixseth pledged his 13 percent interest in WPT as part of a pledge agreement. After Blixseth's default on the various notes, Lampe orchestrated the transfer of the WPT membership shares from Blixseth's control to its own. As part of the underlying actions, Lampe seeks a determination of the value of the WPT membership shares.

In response to the present actions, defendants have filed the present motions to stay pending resolution of a similar action filed in Washington state court which is also addressing the valuation of the WPT membership shares as part of a judicial foreclosure action on certain real property owned by Blixseth. *See* Doc. #10, 3:12-cv-0358; Doc. #6, 3:12-cv-0385.

///

///

---

[2] In the separately filed and now consolidated second action, 3:12-cv-0385, Blixseth has filed two nearly identical motions to stay and to extend time. *See* Doc. #6, 3:12-cv-0385; Doc. #12, 3:12-cv-0385. Thus, for purposes of this order, the court's factual and legal findings apply to both actions.

2

## II. Legal Standard

In their motions to stay, defendants, relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), argue that the court should stay these actions in light of the similar Washington state court action.

The Supreme Court has determined that under exceptional circumstances, a federal district court may decline to exercise or postpone the exercise of its jurisdiction when there are concurrent state and federal suits, and when doing so would promote wise and sound judicial administration, including the conservation of judicial resources and the avoidance of piecemeal litigation. *Colorado River*, 424 U.S. at 817. This type of abstention from the exercise of federal jurisdiction for reasons of judicial economy should be "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy before it." *Id*. at 813; *see also, Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

In order for the court to abstain from exercising jurisdiction under *Colorado River*, there must be a parallel or substantially similar proceeding in state court. *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997) ("[I]nherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of America*, 946 F.2d 1072 (4th Cir. 1991).

The Supreme Court and the Ninth Circuit have identified a nonexclusive list of relevant factors for determining whether exceptional circumstances exist to justify invoking *Colorado River* abstention. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16; *Nakash*, 882 F.2d at 1415-16. These factors include: (1) whether either court has assumed jurisdiction over a res, or property at issue; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is

3

adequate to protect the parties' rights. *See Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 25-26. "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988).

### III. Discussion

The court has carefully examined the *Colorado River* factors in relation to the circumstances of this case and finds that the present actions should be stayed for the sake of wise judicial administration. Initially, the court notes that the Washington state action is substantially similar to the present federal actions because each lawsuit relates to the same overlapping obligations and is connected by the same base pledge agreement of the WPT membership shares. *See New Beckley Min. Corp.*, 946 F.2d 1072.

Further, the court finds that the majority of relevant factors demonstrate that exceptional circumstances exist to postpone exercising jurisdiction in this matter until the Washington state court action is resolved. First, the Washington court has assumed jurisdiction over certain real property located in King County, Washington, as part of the judicial foreclosure action. Second, all claims in these actions are brought pursuant to state and not federal law. Third, this court is not a better venue than the Washington court to determine the value of the WPT membership shares. Finally, staying this action would avoid piecemeal litigation because this court would no longer be duplicating the efforts of the state court in addressing the value of the WPT membership shares at the time of transfer. *See e.g.*, *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider that same issue, thereby duplicating efforts and possibly reaching different results."). Therefore, the court finds that it would be a misuse of judicial resources to exercise jurisdiction over these proceedings until after the Washington state court action has been resolved. Accordingly, the court shall grant defendants' motions to stay.

///

1   IT IS THEREFORE ORDERED that defendants' motion to stay in case no. 3:12-cv-0358 (Doc. #10) is GRANTED. This action is STAYED pending resolution of the Washington state court action. Defendants shall, within 10 days after resolution of that action, file a notice of resolution of the Washington state court action and a motion to lift the stay with the court.

   IT IS FURTHER ORDERED that defendant's motion to stay in case no. 3:12-cv-0385 (Doc. #6) is GRANTED. This action is STAYED pending resolution of the Washington state court action. Defendants shall, within 10 days after resolution of that action, file a notice of resolution of the Washington state court action and a motion to lift the stay with the court.

   IT IS FURTHER ORDERED that defendants' motion to extend time to file a counterclaim in case no. 3:12-cv-0358 (Doc. #20) and motion to extend time to file a counterclaim in case no. 3:12-cv-0385 (Doc. #12) are DENIED.

   IT IS SO ORDERED.

   DATED this 12th day of February, 2013.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE